UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ANGELO GITTENS, | No. 2:20-cv-0781 CKD P |
| Plaintiff, | |
| v. | ORDER |
| LOS ANGELES COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff captioned this civil action as a "writ of replevin for the possession of personal property…." ECF No. 1 at 1. It appears that plaintiff seeks to obtain his birth certificate and "[a]ll instruments, contracts, judgments, [and] orders related to Los Angeles County Superior Court Case No. VA-021577" including "the physical body of the flesh and blood man of Duane Angelo Gittens…" and all his electronic equipment and monetary funds held by California State Prison-Solano." ECF No. 1 at 9. Plaintiff references a "maritime contract" and various provisions of the California Commercial Code as the legal theories supporting this request for relief. ECF No. 1 at 10.

**III.    Analysis**

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

1    claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
2    1984).").  In this case, the court cannot determine from the complaint what role, if any, the named
3    defendants played in the alleged deprivation of plaintiff's rights.  Plaintiff must allege with at
4    least some degree of particularity overt acts which defendants engaged in that support plaintiff's
5    claim.  Id.  For all these reasons, plaintiff's complaint must be dismissed.  The court will,
6    however, grant leave to file an amended complaint.
7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
8    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
9    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in
10   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
11   § 1983 unless there is some affirmative link or connection between a defendant's actions and the
12   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory
13   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
14   Regents, 673 F.2d 266, 268 (9th Cir. 1982).
15        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
17   complaint be complete in itself without reference to any prior pleading.  This is because, as a
18   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original
21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.
22   **IV.    Plain Language Summary for Pro Se Party**
23        The following information is meant to explain this order in plain English and is not
24   intended as legal advice.
25        The court has reviewed your complaint and cannot determine how any of the named
26   defendants are individually responsible for the allegations you assert or how the allegations rise to
27   the level of a federal constitutional violation.  As a result, the court is dismissing your complaint
28   but giving you the chance to try again if you so choose.  In order to state a claim for relief

pursuant to 42 U.S.C. § 1983, you have to connect each named defendant to a violation of your federal constitutional rights and not just an asserted violation of state law or a breach of contract.

After reading the legal standards in this order, if you believe that you can state a colorable claim for relief, you have 30 days to file a first amended complaint along with the filing fee or a motion to proceed in forma pauperis.  If you choose not to file a first amended complaint within the time provided, the undersigned will recommend that this case be dismissed.

IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for an extension of time (ECF No. 6) to pay the filing fee or to file an application to proceed in forma pauperis is granted for good cause shown.

4. Plaintiff is granted thirty days from the date of this order in which to pay the filing fee or submit a motion to proceed in forma pauperis if he chooses to file a first amended complaint. If plaintiff elects not to file a first amended complaint then he need not pay the filing fee for this action or file a motion to proceed in forma pauperis.

5. Plaintiff's motion for writ of replevin (ECF No. 7) is denied as moot in light of the dismissal of plaintiff's complaint.

Dated:  June 4, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gitt0781.14.docx